IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2024-BO

| | |
|---|---|
| RICKY BARTLETT,<br>　　　　Petitioner,<br><br>　　v.<br><br>BUTCH JACKSON,<br>　　　　Respondent. | ORDER |

Ricky Bartlett, a state prisoner, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion for summary judgment. [D.E. 11-12] Petitioner was notified of the filing [D.E. 14] and thereafter responded [D.E. 15]. The matter is now properly before the court for disposition.

On July 29, 2009, in the Superior Court of Camden County, Bartlett was convicted after trial by jury of driving with license revoked, felony fleeing arrest, and achieving habitual felon status. Pet. at 1. Petitioner was represented during this criminal trial by Nicole Hancock. Id. at 12. He was sentenced to a consolidated term of 133-169 months imprisonment. Pet. at 1. On December 7, 2010, the North Carolina Court of Appeals found no error in petitioner's trial. State v. Bartlett, 208 N.C. App. 283, 702 S.E.2d 55 (2010), review denied, 365 N.C. 70, 705 S.E.2d 752 (2011). On appeal, petitioner was represented by M. Alexander Charns. Pet. at 12. Petitioner next sought review of the appellate decision and on February 3, 2011, the Supreme Court of North Carolina denied discretionary review of the petition and dismissed certiorari without prejudice. Bartlett, 208 N.C. App. 283, 702 S.E.2d 55 (2010), review denied, 365 N.C. 70, 705 S.E.2d 752 (2011).

On January 24, 2011, Petitioner filed a pro se motion for preparation of stenographic transcript and a motion for appropriate relief (MAR), in the Superior Court of Camden County.

[D.E. 12, Mem. in Supp. of Mot. for Summ. J., Exhibit 10] On April 18, 2011, Petitioner filed another pro se MAR in the Superior Court of Camden County. [Id., Exhibit 11] On June 2, 2011, the MAR was denied. [Id., Exhibit 12] On July 25, 2011, petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals. [Id., Exhibit 13] On August 4, 2011, certiorari was dismissed. [Id., Exhibit 14] On January 24, 2011, petitioner dated this pro se federal habeas petition in this court.[1]

## ISSUES

Petitioner contends: (1) trial counsel was ineffective by failing to request recordation of jury selection; and (2) the trial court erred in not dismissing each charge against defendant on grounds of insufficient evidence.

## STATEMENT OF FACTS

The North Carolina Court of Appeals summarized the facts from petitioner's trial as follows:[2]

> On 30 July 2008, Defendant, Ricky Bartlett, was employed at a local farm in Camden County, North Carolina. While driving his employer's truck home for lunch, Defendant was stopped and arrested for operating a motor vehicle while his license was revoked. After being released on bond, Defendant retrieved the vehicle from the site of his initial arrest, and decided to return it to his employer by driving the short distance to his employer's farm. Shortly after Defendant began his return trip, Detective Robeson, witnessed Defendant driving his employer's truck. Detective Robeson confirmed that Defendant's license was indeed revoked and

---

[1]While his direct appeal was pending, petitioner filed a federal habeas petition in this district. The matter was not ripe and dismissed without prejudcie on grounds of non-exhaustion. Bartlett v. Cooper, No. 5:09-HC-2043-FL (E.D.N.C. November 30, 2009) (J. Flanagan).

[2]This court has also set out the facts in a detailed discussion in Bartlett v. Robeson, 5:11-CT-3008-BO (D.E. 28, Order Granting Summ. J. for defendants). In that case, Bartlett brought a 42 U.S.C. § 1983 action in which he alleged civil rights violations arising from his arrest on July 30, 2008. Id. and D.E. 1 of Id. This court granted summary judgment for defendants, and the matter is now on appeal. Id. and D.E. 28 and 30-33 of Id.

activated the blue lights to alert Defendant to pullover. Despite passing several locations where he could safely pull the vehicle off the road, Defendant simply signaled by waving his left arm outside the window of the truck and continued to drive. A chase ensued and Detective Robeson radioed for assistance and was joined in the pursuit by additional law enforcement officers.

Shortly after joining the pursuit, Deputy Forbes attempted to slow Defendant's progression by positioning his vehicle in front of Defendant's. In an apparent effort to elude capture, Defendant left the road and drove through a cemetery and the yard of a local residence before returning to the roadway. At trial, Deputy Forbes testified that during the chase, Defendant swerved his vehicle, suddenly causing Deputy Forbes to maneuver his vehicle to the shoulder of the road to avoid a collision. Detective Robeson also testified that twice during the pursuit, Defendant jerked the truck to the left, once causing Detective Robeson to drive through a ditch. Monitoring the chase by radio transmission, Chief Deputy Major Worthington of the Camden County Sheriff's Department positioned himself in front of Defendant and attempted to deflate Defendant's tires with the use of "stop sticks" on two separate occasions. Each time Defendant maneuvered around the stop sticks and continued driving. Defendant arrived at his employer's farm, departed from the vehicle, and was promptly placed under arrest by pursuing officers.

Defendant was convicted of his initial driving with a revoked license charge on 31 October 2008. On the same day, Defendant gave notice of his intent to appeal the conviction to Superior Court. Once in Superior Court, Defendant's conviction for driving with a revoked license was joined with indictments for felony speeding to elude arrest, five counts of assault with a deadly weapon on a government official, and habitual felon status. Following the State's evidence at trial, the trial court granted motions to dismiss two of Defendant's assault charges. Later, the jury acquitted Defendant of the remaining assault charges. Defendant was convicted of felonious fleeing to elude arrest, driving with a revoked license, and habitual felon status. Defendant appeals from his convictions arguing that: (I) the felonious speeding to elude arrest indictment was facially defective, divesting the trial court of jurisdiction; (II) the trial court erroneously failed to grant his motion to dismiss made at trial; and (III) the trial court's jury instructions for the offense of reckless driving were plainly erroneous.

Bartlett, 208 N.C. App. at *1.

## DISCUSSION

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of

3

law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis removed) (quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

A federal court cannot grant habeas relief in cases where a state court considered a claim on its merits unless (1) the state-court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or (2) the state-court decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). A state court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to the Supreme Court's result. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407; see Hardy v. Cross, 132 S. Ct. 490,

4

493–94 (2011) (per curiam); Bobby v. Dixon, 132 S. Ct. 26, 29–31 (2011) (per curiam); Cavazos v. Smith, 132 S. Ct. 2, 4–8 (2011) (per curiam); Renico v. Lett, 130 S. Ct. 1855, 1862 (2010).

> [Section 2254(d)] does not require that a state court cite to federal law in order for a federal court to determine whether the state court decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000) (en banc); see also, Harrington v. Richter, ___ U.S. ___, 131 S. Ct. 770, 784-85 (2011) (a state court need not cite or even be aware of the Supreme Court precedent, '[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.") Moreover, a state court's factual determination is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010).

Congress intended the AEDPA standard to be difficult to meet. Harrington v. Richter, 131 S. Ct. at 786. "Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Id. at 787. In order to prevail in an action brought under section 2254(d), a petitioner must show that "there was no reasonable basis to deny relief." Id. at 784; DeCastro v. Branker, 642 F.3d 442, 449 (4th Cir. 2011), cert. denied, No. 11-6640, 2011 WL 4528510 (U.S. Dec. 5, 2011).

i. Ineffective Assistance of Trial Counsel

The court shall first review petitioner's claim for ineffective assistance of counsel. In Strickland v. Washington, 466 U.S. 668, 687-90 (1984), the Supreme Court held that to prove

ineffective assistance of counsel a petitioner must show counsel's performance was deficient and that the deficiency prejudiced his case. No such showing has been made in reference to this issue.

Petitioner specifically contends that trial counsel was ineffective in that counsel failed to request recordation of the jury selection. Under North Carolina law in non-capital cases, the court reporter must make a complete record of all proceedings except jury voir dire, opening and closing arguments of counsel, and arguments of counsel on questions of law. N.C.G.S. § 15A-1241(a)(1)-(3) (2009) These portions of the trial proceedings will be recorded only upon motion of a party or the judge. N.C.G.S. § 15A-1241(b) (2009); see also State v. Blakeney, 352 N.C. 287, 531 S.E.2d 799 (2000) (no right to recordation of bench conference even in capital case where counsel made no request).

In turning to guidance from the Supreme Court, that Court has held "[a] 'record of sufficient completeness' does not translate automatically into a complete verbatim transcript." Mayer v. Chicago, 404 U.S. 189, 194 (1971). Thus "[t]he Supreme Court has never held that due process requires a verbatim transcript of the entire proceedings." Karabin v. Petsock, 758 F.2d 966 (3rd Cir.1985). What is impermissible under the Constitution is the total denial of a transcript without explanation. Draper v. Washington, 372 U.S. 487, 498 (1963); Eskridge v. Washington State Bd. of Prison Terms and Paroles, 357 U.S. 214, 215 (1958).

"[I]n a federal habeas corpus case brought by a state prisoner, the absence of a perfect transcript does not violate due process absent a showing of specific prejudice." White v. State of Fla., Dept. of Corrections, 939 F.2d 912, 914 (11th Cir.1991) (citing Bransford v. Brown, 806 F.2d 83, 86 (6th Cir.1986); Mitchell v. Wyrick, 698 F.2d 940, 941–42 (8th Cir.1983)). Thus, there is no ineffective assistance of counsel for failing to request complete recordation of jury

selection, absent a showing of a professional dereliction creating a reasonable probability of a different result. See Strickland v. Washington, 466 U.S. 668, (1984). In this case no prejudice has been alleged, and thus, could not have been illustrated. Bartlett's claim is simply that, a claim. He has not supported the allegation with any additional discussion, and he clearly never alleges any prejudice therefrom. (See Pet., Response, and Motion to Amend)

The MAR court in reviewing this claim held "...defendant's allegation of ineffective assistance of counsel in failing to request recordation of jury selection and closing [argument] is without merit. Defendant [h]as offered no evidence or allegation as to how this was in any way prejudicial to defendant and would have made a different outcome at trial." (Mem. in Supp., Ex. 12) The Superior Court's summary adjudication is entitled to deference in the proceeding before this court. See Harrington, U.S. at ___, 131 S. Ct. at 784-85. The MAR's holding on this issue was not contrary to, or involve an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States in Strickland. Nor is the court's decision based upon an unreasonable determination of facts in light of the evidence presented in the state court proceeding. The claim is dismissed

    ii. Insufficiency of Evidence

The standard of review on federal habeas corpus of a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Wright v. West, 505 U.S. 277 (1992); Jackson v. Virginia, 443 U.S. 307 (1979).

7

Petitioner raised this claim in his direct appeal and the claim was denied on the merits. The court held as follows:

> Defendant next argues that "the trial court erred by failing to grant Defendant's motion to dismiss the felony [speeding to elude arrest] charge based on the insufficiency of the evidence for this 'slow speed chase.'" Specifically, Defendant contends that the evidence failed to show that Defendant was driving recklessly on 30 July 2008. We disagree.
>
> When reviewing a motion to dismiss, a trial court must determine whether "there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." State v. Lynch, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Smith, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). All "evidence admitted, whether competent or incompetent, must be considered by the trial judge in the light most favorable to the State, giving the State the benefit of every reasonable inference that might be drawn therefrom. Any contradictions or discrepancies in the evidence are for resolution by the jury." State v. Brown, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984). As discussed above, a finding that a defendant was driving recklessly acts as an aggravating factor in a speeding to elude arrest offense. See N.C. Gen.Stat. § 20-141.5(b)(3). Relevant here, defendants that drive a vehicle "carelessly and heedlessly in willful or wanton disregard of the rights or safety of others" violate the statute prohibiting reckless driving. See N.C. Gen.Stat. § 20-140(a). The statute does not require that physical harm or property damage actually occurs as a result of Defendant's reckless driving.
>
> Here, when viewed in a light most favorable to the State, there is substantial evidence in the record that Defendant was driving recklessly on 30 July 2008. At trial, the State presented evidence that during the chase at least two other drivers were required to remove their vehicles from the roadway as Defendant approached followed by police; on several occasions Defendant almost collided with pursuing law enforcement vehicles; and that Defendant drove through the property of a local residence and a cemetery to elude police capture. Accordingly, there is substantial evidence in the record from which a reasonable juror could conclude that Defendant operated his vehicle "carelessly and heedlessly in willful or wanton disregard of the rights or safety of others." N.C. Gen.Stat. § 20-140(a). Defendant argues that the doctrines of collateral estoppel and res judicata prohibited jurors from considering his near collisions with law enforcement officials as evidence of reckless driving, because he was not convicted of the charges associated with those offenses. However, because the dismissal and acquittal of Defendant's assault with a deadly weapon charges occurred in a single action, the doctrines of collateral estoppel and res judicata are inapplicable. See

8

State v. Dial, 122 N.C. App. 298, 305-06, 470 S.E.2d 84, 89 (1996). Accordingly, Defendant's argument is without merit.

Bartlett, 208 N.C. App. at *3-4. Neither the Court of Appeals' opinion, nor the MAR court's opinion on "each charge" in the conviction, result in a decision contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, i.e., Wright v. West and Jackson v. Virginia. Nor is the opinion based on an unreasonable determination of facts, in light of the evidence presented in the state court proceedings. See Harrington, U.S. at ___, 131 S. Ct. at 784-85; see also Cullen v. Pinholster, __ U.S. __, 131 S. Ct. 1388, 1389-99 (2011) ("We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."). The claim is dismissed.

## CERTIFICATE OF APPEALABLITY

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

9

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, respondent's Motion for Summary Judgment [D.E.11] is GRANTED, and the matter is DISMISSED. The certificate of appealability is DENIED. The pending motion to amend is ALLOWED and was considered in determining this court's opinion [D.E. 16]. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this 29 day of August 2012.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE